**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| THE QUAKER OATS COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>COPERION CORPORATION, as a successor in interest to Krupp Werner & Pfleiderer Corporation, KRUPP WERNER & PFLEIDERER CORPORATION, KENNAMETAL, INC., as successor in interest to Conforma Clad, Inc. and CONFORMA CLAD, INC.,<br><br>    Defendants. | No. C-05-153-LRR<br><br>**ORDER GRANTING<br>MOTION TO DISMISS COMPLAINT** |

_____

*TABLE OF CONTENTS*

**I.   INTRODUCTION AND PROCEDURAL HISTORY** . . . . . . . . . . . . . . . . . **2**

**II.  ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5**

**III. STANDARDS OF CONSIDERATION** . . . . . . . . . . . . . . . . . . . . . . . . . **5**

**IV.  ANALYSIS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **6**
    **A.**  *Time-of-Filing Rule* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**
        *1.*  *The rule* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**
        *2.*  *The Rule 21 exception* . . . . . . . . . . . . . . . . . . . . . . . . **7**
    **B.**  *Applying the Rule 19(b) Factors to Determine Whether Coperion
        and KWPC are Indispensable Parties* . . . . . . . . . . . . . . . . . . . **8**
        *1.*  *Prejudice to Defendants* . . . . . . . . . . . . . . . . . . . . . . . **9**
        *2.*  *Ability to lessen the prejudice* . . . . . . . . . . . . . . . . . . **11**
        *3.*  *Adequacy of judgment in the absence of Coperion and
            KWPC* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **11**

       4.     *Adequate remedy in an alternate forum* . . . . . . . . . . . . . . . 12
   C.     *Applying the Four* **Provident Tradesmens** *Interests* . . . . . . . . . . . 12

V.     *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## I. INTRODUCTION AND PROCEDURAL HISTORY

The matters before the court are the Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction ("Motion to Dismiss") (docket no. 16), filed by Defendant Coperion Corporation on December 19, 2005, and the Motion for Dismissal Without Prejudice of its Claims Against Defendants Coperion and KWP ("Motion for Dismissal of Claims") (docket no. 18), filed by Plaintiff The Quaker Oats Company ("Quaker Oats") on December 22, 2005.

On September 9, 2005, Quaker Oats filed a Complaint against Coperion Corporation ("Coperion"), Krupp Werner & Pfleiderer Corporation ("KWPC"), Kennametal, Inc. ("Kennametal") and Conforma Clad, Inc. ("Conforma Clad"). On March 23, 2001, KWPC merged with Coperion. Likewise, on December 17, 2004, Conforma Clad merged with Kennametal.

In the Complaint, Quaker Oats alleges several claims regarding its commercial contract with KWPC. The contract subject matter is a refurbished Continua 120 extruder machine ("the Machine"), which was installed at Quaker Oats' Cedar Rapids, Iowa, plant in September of 2000. In the Complaint, Quaker Oats alleges that it possessed the Machine in its Canadian facility, and it desired to have it refurbished for use in its Cedar Rapids facility. KWPC represented itself as a global industry leader in the design and manufacture of extruder technology and equipment, and it provided extruder products and related services to a variety of industries. Quaker Oats further alleges that Conforma Clad

represented itself as a leading global provider of wear protection solutions to high-performance industrial markets.

One of Conforma Clad's products is a WPR-29 liner. Quaker Oats alleges that Conforma Clad made representations regarding its WPR-29 liner, including: that the WPR-29 liner is compatible with KWPC's extrusion machines, that the liner was extremely wear resistant and durable, and that the liner would reduce wear and extend the life of extruder machines. Quaker Oats alleges that it contacted KWPC regarding extruder machines and, on April 12, 1999, KWPC recommended the use of Conforma Clad's WPR-29 liner in the modified and refurbished Canadian Machine.

The Complaint alleges that on April 25, 2000, Quaker Oats issued a $389,115 purchase agreement to KWPC for the Machine, which included the WPR-29 liner. The purchase agreement required KWPC to provide a "new, modified, upgraded and refurbished Continua 120 extruder machine, with the Conforma Clad WPR-29 liner" that was free from defects, that met Quaker Oats' requirements and specifications, and that could be used to safely manufacture commercial food products. Quaker Oats subsequently issued two additional purchase orders to KWPC for services related to the Machine's rebuild and for the installation, start-up, operations and trouble-shooting of the Machine.

According to the allegations, Quaker Oats shipped the Machine from its Canadian facility to its Cedar Rapids facility and KWPC took possession of the Machine's twin barrel. KWPC and Conforma Clad performed the re-making, modifications, upgrades and refurbishment of the Machine. They also jointly provided refurbishment-related services and materials. Conforma Clad used a proprietary process to coat the extrusion die of the Machine with a WPR-29 tungsten carbide liner.

In September 2000, Quaker Oats alleges that, after being refurbished, the Machine was installed in the Cedar Rapids facility. KWPC provided Quaker Oats with expert engineering and technical personnel to safely operate the Machine. On December 12, 2000, during normal operations, the Machine was stopped and Quaker Oats discovered a catastrophic and unexpected failure of the WPR-29 liner. The failure caused metallic fragments to contaminate the cereal that was being produced for human consumption. Thus, Quaker Oats incurred substantial damage, which included the loss of property, business income and profits. Quaker Oats alleges that it notified KWPC of the problem and KWPC's attempts to make the Machine function properly were unsuccessful. On December 3, 2001, KWPC took possession of the Machine's twin barrels and has retained them since that time.

The claims in the Complaint include non-federal question claims of negligence, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, breach of contract, breach of express warranty and strict liability.

On December 19, 2005, Coperion filed the instant Motion to Dismiss. On December 20, 2005, Kennametal and Conforma Clad filed a Joinder in Motion to Dismiss. On December 22, 2005, Quaker Oats filed a Resistance and the instant Motion for Dismissal of Claims.[1] On January 5, 2006, Kennametal and Conforma Clad filed a Reply to the Resistance. On January 6, 2006, Coperion joined Kennametal's and Conforma Clad's Reply.

---

[1] The court notes that Quaker Oats included its Motion for Dismissal of Claims within its Resistance. As of January 1, 2006, this is no longer permissible. *See* LR 7.1(e) (stating "[a] resistance to a motion may not include a separate motion or a cross-motion by the responding party").

4

## II. ARGUMENT

Defendants argue that subject matter jurisdiction is lacking under 28 U.S.C. § 1332, because there is no diversity of citizenship. They argue that Quaker Oats, KWPC and Coperion are all citizens of New Jersey, therefore, the Complaint should be dismissed.[2] In its Resistance, Quaker Oats acknowledges that the claims against Coperion and KWPC should be dismissed without prejudice for lack of diversity and it moves for their dismissal. Quaker Oats then argues that diversity exists between Quaker Oats and the remaining defendants, Kennametal and Conforma Clad and, therefore, the claims against those defendants should not be dismissed. The Defendants, in turn, respond that the court cannot grant Quaker Oats' Motion for Dismissal of Claims, because Coperion and KWPC are indispensable parties and the court did not have diversity jurisdiction over the parties at the time the Complaint was filed. The Defendants argue that the court only has the power to dismiss the entire Complaint because of its "inchoate lack of jurisdiction over the controversy based upon the defective originally filed complaint."

## III. STANDARDS OF CONSIDERATION

This court should consider the Defendants' Motion to Dismiss in the light most favorable to the non-movant, Quaker Oats. *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) ("When ruling on a motion to dismiss, the court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party.").

---

[2] Although not specifically referenced in Coperion's motion and brief, Federal Rule of Civil Procedure 12(b)(1) governs a motion to dismiss for lack of subject matter jurisdiction.

5

Federal Rule of Civil Procedure 41(a)(2) gives the court discretion to determine whether to grant Quaker Oats' Motion for Dismissal of Claims. *See* Fed. R. Civ. P. 41(a)(2) ("[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."); *see also Witzman v. Gross*, 148 F.3d 988, 991-92 (8th Cir. 1998) ("'Motions to dismiss without prejudice are addressed to the sound discretion of the district courts.'" (quoting *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984))).

## IV. ANALYSIS

"'Federal courts are courts of limited jurisdiction.'" *Myers v. Richland County*, 429 F.3d 740, 745 (8th Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Title 28, United States Code, Section 1332(a)(1) provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between— (1) citizens of different states . . . .

28 U.S.C. § 1332(a)(1). Here, it is undisputed that Quaker Oats is completely diverse from Kennametal and Conforma Clad. Quaker Oats is a New Jersey corporation with its principal place of business in Illinois. Kennametal is a Pennsylvania corporation with its principal place of business in Pennsylvania, and Conforma Clad was a Delaware corporation with its principal place of business in Indiana. The parties further agree that the amount in controversy exceeds $75,000.

Quaker Oats concedes that Coperion and KWPC are diversity-spoilers who should be dismissed for lack of subject matter jurisdiction. In its Motion for Dismissal of Claims, it moves to dismiss the two defendants without prejudice. The court, therefore, must

6

decide whether Quaker Oats can dismiss these parties to save jurisdiction or whether the entire Complaint must be dismissed.

### A. Time-of-Filing Rule

#### 1. The rule

When a case is originally filed in federal court, rather than being removed to federal court, the existence of federal jurisdiction ordinarily depends on the facts as they were at the time that the suit was filed. *See Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957); *see also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004) (explaining that the "time-of-filing rule" regarding subject matter jurisdiction is "hornbook law" and that "'the jurisdiction of the Court depends upon the state of things at the time of the action brought.'" (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824))); *Associated Ins. Mgmt. Corp. v. Ark. Gen. Agency, Inc.*, 149 F.3d 794, 796 (8th Cir. 1998) ("[W]e determine diversity of citizenship at the time an action is filed."). "[T]he district court cannot retroactively create diversity jurisdiction if it did not exist when the complaint was filed." *Associated Ins.*, 149 F.3d at 796-97. If there is not complete diversity at the time the Complaint was filed, "the district court must dismiss the action." *Id.* at 797.

#### 2. The Rule 21 exception

There are several well recognized exceptions to this general rule which allow federal courts to cure jurisdictional defects in certain circumstances. For example, federal courts may dismiss jurisdictional spoilers pursuant to Federal Rule of Civil Procedure 21. *See generally Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832-33 (1989) (concluding that appellate courts have the power to dismiss a dispensable non-diverse party whose presence spoils statutory diversity jurisdiction); *see also Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 64 (1996) (holding in a removal case that an initial failure of diversity was "not fatal to the ensuing adjudication if federal jurisdictional requirements [were] met at

the time judgment [was] entered"). Rule 21, in pertinent part, provides: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and *on such terms as are just*." Fed. R. Civ. P. 21 (emphasis added). "The United States Supreme Court has stated that 'it is well-settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time.'" *Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005) (quoting *Newman-Green*, 490 U.S. at 832). Moreover, "'the "citizens" upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy.'" *Id.* (quoting *Navarro Sav. Ass'n. v. Lee*, 446 U.S. 458, 460 (1980)).

In deciding whether to retain parties under Rule 21, courts ordinarily consider basic principles such as fundamental fairness and judicial economy, whether an order under Rule 21 would prejudice any party or would result in undue delay and the threats of duplicitous litigation and inconsistent jury verdicts. 8 *Moore's Federal Practice* § 21.02[4] (Matthew Bender 3d ed. 2003); *see also Newman-Green*, 490 U.S. at 837-38 (explaining that courts of appeals should "carefully consider whether the dismissal of a nondiverse party will prejudice any of the parties in the litigation").

### B. Applying the Rule 19(b) Factors to Determine Whether Coperion and KWPC are Indispensable Parties

In determining whether to invoke the Rule 21 exception to save jurisdiction in this matter, the court must analyze the four factors set forth in Federal Rule of Civil Procedure 19(b) and determine whether Coperion and KWPC are "dispensable" parties. *See Newman-Green*, 490 U.S. at 838 (citing Rule 19(b) and determining that one guarantor was dispensable because all of the guarantors were jointly and severally liable). Pursuant to Rule 19(b), the court must consider:

8

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). The Eighth Circuit Court of Appeals has instructed:

> An indispensable party is one who has such an interest in the subject-matter of the controversy that a final decree cannot be rendered between the other parties to the suit without radically and injuriously affecting his interest, or without leaving the controversy in such a situation that its final determination may be inconsistent with equity and good conscience.

*Nichols v. Rysavy*, 809 F.2d 1317, 1332 (8th Cir. 1987). Rule 19(b) requires the court to undertake "a practical examination of the circumstances." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119-20 n.16 (1968). Thus, the court shall examine the four Rule 19(b) factors and apply them to this case.

### 1. *Prejudice to Defendants*

The court must first consider "to what extent a judgment rendered in [Coperion's and KWPC's] absence might be prejudicial to [them] or to [Kennametal and Conforma Clad]." Fed. R. Civ. P. 19(b). The court finds that both the non-diverse parties, Coperion and KWPC, and the remaining diverse parties, Kennametal and Conforma Clad, will be prejudiced if the case proceeds with only the latter two as defendants.

The Complaint alleges tort and contract claims. Quaker Oats and Coperion are the parties to the contract which gave rise to the entire dispute. "'[A] contracting party is the paradigm of an indispensable party[.]'" *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 484 (7th Cir. 2001) (quoting *U.S. ex rel. Hall v. Tribal Dev. Corp.*, 100 F.3d 476,

9

479 (7th Cir. 1996)); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Rite Aid of S.C., Inc.*, 210 F.3d 246, 252 (4th Cir. 2000) (noting that "precedent supports the proposition that a contracting party is the paradigm of an indispensable party" (quotation and citation omitted)); *Acton Co. v. Bachman Foods, Inc.*, 668 F.2d 76, 78 (1st Cir. 1982) (finding that the nondiverse parent corporation in the breach of contract action was a necessary and indispensable party to the action brought against the subsidiary because the parent corporation signed the contract at issue in the case). Neither Kennametal nor Conforma Clad ever entered into a contract with Quaker Oats. Based upon the allegations in the Complaint, which the court must accept as true, it is apparent that Conforma Clad made representations to Quaker Oats about its WPR-29 liner and installed the liner in the refurbished Machine, which was the subject of the contract between Quaker Oats and KWPC. Conforma Clad would never have been involved with Quaker Oats but for the purchase agreement between Quaker Oats and KWPC. Each of the alleged tort claims arise out of that contract.

"The first factor of Rule 19(b) is concerned with whether the nonparty would 'be adversely affected in a practical sense, and if so, would the prejudice be immediate and serious, or remote and minor.'" *U.S. ex rel. Steele v. Turn Key Gaming, Inc.*, 135 F.3d 1249, 1251 (8th Cir. 1998) (quoting Fed. R. Civ. P. 19 advisory committee notes to 1966 amendments). Here, the contract is at the heart of the dispute. If it is interpreted in a lawsuit where Coperion and KWPC are not parties, their interests will be immediately and seriously impacted.

Although the court is mindful that "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit," *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990), the court finds that, because of the contract, Coperion and KWPC are indispensable parties in this particular lawsuit. The issue of Kennametal's and

10

Conforma Clad's liability is so intertwined with the breach of contract claim and interpretation of the contract, that all four defendants will likely be prejudiced if Kennametal and Conforma Clad are the only parties left to defend against the tort claims. Accordingly, this court finds that this factor weighs in favor of dismissal of the case.

### 2. *Ability to lessen the prejudice*

The potential prejudice to all parties cannot be lessened by crafting the judgment or relief in a particular way. KWPC was the only party to the contract at issue and, therefore, Coperion and KWPC are the only parties that can be held liable for its breach. The contract claims will necessarily be absent from any judgment involving only Quaker Oats, Kennametal and Conforma Clad. Therefore, there is no way to reshape such a judgment to lessen the prejudice to Defendants. Consequently, the second factor weighs in favor of dismissal.

### 3. *Adequacy of judgment in the absence of Coperion and KWPC*

Quaker Oats has alleged claims of negligence, breach of implied warranty of merchantability, breach of express warranty and a strict liability manufacturing defect against Kennametal and Conforma Clad. The judgment will not be adequate in the absence of Coperion and KWPC because their liability is inextricably intertwined with the liability of Kennametal and Conforma Clad. The Eighth Circuit Court of Appeals has rejected the idea that a party's liability can be determined in its absence. *See Nichols*, 809 F.2d at 1333 ("In short the government's liability cannot be tried behind its back." (internal quotation marks and citation omitted)). Additionally, if the case were to proceed with only two defendants and if liability were eventually found against Kennametal and Conforma Clad, it is likely that those liable parties would seek contribution from Coperion and KWPC for their share of the fault. *See* Iowa Code § 668.5(1) (2005) (explaining that there is a right of contribution "between or among two or more persons who are liable upon the

same indivisible claim . . . whether or not judgment has been recovered against all or any of them" and providing that the right may be enforced in separate actions). Any judgment entered in this court finding fault could be used against Coperion or KWPC in separate proceedings. Therefore, the court finds that a judgment involving only Kennametal and Conforma Clad would not be adequate or judicially efficient. This third factor also weighs in favor of dismissal.

### 4. *Adequate remedy in an alternative forum*

The Iowa state court system is one obvious alternative forum. The court finds that Quaker Oats can obtain an adequate remedy in a state forum, especially given the fact that only questions of state law have been alleged in the Complaint. This factor weighs heavily in favor of dismissal of the suit.

### C. *Applying the Four* **Provident Tradesmens** *Interests*

In addition to the four Rule 19(b) factors, the Supreme Court has articulated four corresponding interests which the court should examine when determining whether it can proceed "in equity and good conscience" without Coperion and KWPC: (1) the plaintiff's interest in having an appropriate forum, (2) the defendants' interest in avoiding inconsistent relief, multiple litigation, or sole responsibility for a liability which it shares with an absent party, (3) the interests of the absent party and (4) the interests of the public and the courts in consistent, complete, and efficient settlement of cases. *Provident Tradesmens*, 390 U.S. at 108-11; *Nichols*, 809 F.2d at 1332.

In examining the first *Provident Tradesmens* interest, the Supreme Court has instructed that "[b]efore the trial, the strength of [the plaintiff's interest in having a forum] obviously depends upon whether a satisfactory alternative forum exists." *Provident Tradesmens*, 390 U.S. at 109. Here, a satisfactory alternative forum exists, because Quaker Oats may name all four defendants in a state court action. As to the second

interest, the court finds that the Defendants have a significant interest in litigating their liability involving the Machine in a single proceeding. Third, the interest of the absent parties (*i.e.*, Coperion and KWPC) will be met if the instant case is dismissed without prejudice, because they will be able to defend their product and actions in a court in which subject matter jurisdiction exists. Moreover, this is not a situation in which the absent party has not been heard or whose interests have not been asserted. *Cf. id.* at 110-11 (discussing how the outsider party had no opportunity to be heard in federal court). Here, Coperion has filed briefs in this matter, and, therefore, its interests have been represented and considered. As for the fourth interest, the court notes that the judicial and public interests are better met in a forum where all of the responsible parties can be named in a single proceeding. Additionally, the threat of inconsistent verdicts and duplicitous litigation are eradicated by such a finding. *See* Fed. R. Civ. P. 21. The court concludes that it cannot proceed in "equity and good conscience" in the absence of Coperion and KWPC. Fed. R. Civ. P. 19(b).

## *V. CONCLUSION*

Based on the foregoing, the court shall deny Quaker Oats' Motion for Dismissal of Claims. *See* Fed. R. Civ. P. 21. The court finds that, pursuant to Federal Rule of Civil Procedure 19(b), Coperion and KWPC are indispensable parties to the instant litigation. The court shall not dismiss these jurisdictional spoilers pursuant to the Rule 21 exception, because it cannot find that Coperion and KWPC are dispensable non-diverse parties. *See Newman-Green*, 490 U.S. at 832-33. Because total diversity did not exist at the time the Complaint was filed, the court lacks subject matter jurisdiction over this matter and it shall be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* 28 U.S.C. § 1332; *Associated Ins.*, 149 F.3d at 796-97.

For the foregoing reasons, it is **HEREBY ORDERED:**

1) Defendant Coperion Corporation's Motion to Dismiss Complaint For Lack of Subject Matter Jurisdiction (docket no. 16) is **GRANTED**;

2) Plaintiff Quaker Oats' Motion for Dismissal Without Prejudice of its Claims Against Defendants Coperion and KWP (docket no. 18) is **DENIED**;

3) Plaintiff Quaker Oats' Complaint (docket no. 3) is **DISMISSED WITHOUT PREJUDICE**; and

4) The Clerk of Court is hereby ordered to assess all costs against the Plaintiff.

**IT IS SO ORDERED.**

**DATED** this 4th day of April, 2006.

*[signature]*
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA